Affirmed and Memorandum Opinion filed January 13, 2004









Affirmed
and Memorandum Opinion filed January 13, 2004.

 

                                                                                                                                                            

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00374-CR

____________

 

ROBERT DARRELL BURELL, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 10th
District Court

Galveston County, Texas

Trial Court Cause No. 01CR1448

 



 

 M E M O R A N D U M  O P I N I O N

Appellant Robert Darrell Burell,
Jr., was convicted by a jury of the offense of aggravated robbery with two
felony enhancements and a deadly weapon finding, and was sentenced by the trial
court to 48 years= imprisonment in the Texas
Department of Criminal Justice, Institutional Division.  In one issue, appellant asserts that the
trial court erred in overruling his objections to the prosecution informing the
jury array that proof beyond a reasonable doubt does not mean proof beyond all
doubt. We affirm. 








During the voir dire stage of
appellant=s trial, the prosecutor said to
the jury panel, AOur standard of proof is beyond a
reasonable doubt, not beyond all doubt.@  After appellant=s trial counsel objected, and
the trial court overruled that objection, the prosecutor  continued as follows:  

It=s beyond a reasonable doubt. 
With that stated, can everyone hold us to the standard of beyond
reasonable doubt and not all doubt? 
Everybody knows there=s a difference between the two.  I=m not going to sit up here and try to
tell you this is what reasonable doubt means. 
That=s
not my place.  That=s for you to determine, the 12 of you
who are selected.  But it=s not
beyond all doubt. 

Appellant=s counsel again objected, and a
discussion with the court ensued outside the presence of the jury panel.  After the panel was reconvened, the
prosecutor ended this line of questioning by asking the jury, AThe State=s burden is beyond a reasonable
doubt, not all doubt.  Evidence comes in
a variety of ways.  It comes from a
witness; it comes from physical evidence. 
Everybody understand that?  That=s fairly
basic.@

The trial court overruled appellant=s objections to the foregoing
statements and explained the basis for his ruling by saying that the
prosecution is allowed to question a jury panel about whether they can follow
the standard of reasonable doubt.  As explained
below, we agree with the trial court.

Citing only two cases, Garrett v. State, 851 S.W.2d
853 (Tex. Crim. App. 1993), and Standefer
v. State, 59 S.W.3d 177 (Tex. Crim. App. 2001),
appellant contends the prosecution=s statements were improper,
both because they are inaccurate under Texas law and because they constitute
improper commitment questions. 








AWhat constitutes proof >beyond a reasonable doubt= is not subject to definition
by the trial court because it is up to the jurors to determine whether their
doubts, if any, about the defendant=s guilt are reasonable.@  O=Canas v. State, __ S.W.3d __, No.
05-02-01638-CR, 2003 WL 22701240, at *7 (Tex. App.CDallas Nov. 17, 2003, no pet.
h.).  As other courts of appeals have
observed, Aprospective jurors are often
instructed during voir dire that the State=s burden of proof beyond a
reasonable doubt does not require proof beyond all doubt.@  Id. (quoting Rodriguez v. State,
96 S.W.3d 398, 405 (Tex. App.CAustin 2002, pet. ref=d)).  If prospective jurors state that they cannot
convict unless the defendant=s guilt is proven beyond all
doubtCnot beyond a reasonable doubtCthey are held to have a bias
against the law and are stricken for cause. 
Id. (citations omitted); see also Drinkard
v. State, 776 S.W.2d 181, 187B88 (Tex. Crim.
App. 1989) (holding that prospective juror was properly struck for cause
because he indicated he would hold the State to a standard higher than beyond a
reasonable doubt); Wilder v. State, 111 S.W.3d 249, 252 (Tex. App.CTexarkana 2003, no pet.) (AA venireman
is subject to a challenge for cause by the State, or by a defendant, if he or
she is unable to follow the law.@) (citing
Tex. Code Crim. Proc.
Ann. art. 35.16(b)(3), (c)(2) (Vernon Supp. 2003)).

Thus, a prosecutor=s explanation to a jury panel
that the State has the burden of proof beyond a reasonable doubtCnot beyond all doubtCis proper.  See, e.g., Wilder, 111 S.W.3d at 252 (AClearly, it is proper to
question veniremen concerning their understanding of
the term >reasonable doubt.=@) (citing Dinkins v. State,
894 S.W.2d 330, 344B45 (Tex. Crim.
App. 1995)); Williams v. State, No. 07-01-0414-CR, 2003 WL 327601, at *4
(Tex. App.CAmarillo Feb. 13, 2003, pet.
ref=d) (not designated for
publication) (holding that prosecutor=s suggestion to jury panel
during voir dire that they use Acommon sense@ to define reasonable doubt and
trial court=s explanation that Areasonable doubt@ is not proof beyond all doubt,
but is proof beyond a reasonable doubt, were not error).  Such an explanation does not violate Paulson
v. State, 28 S.W.3d 570 (Tex. Crim. App. 2000),
in which the Court of Criminal Appeals held that it is improper to define the
phrase >beyond a reasonable doubt= in a jury instruction absent
the agreement of the parties.  In this
case, appellant does not complain about a jury instruction; he is merely
complaining about statements made by the prosecutor, which, as we have said,
are clearly proper under Texas law.








Nor do we agree with appellant that the prosecutor=s statements were impermissible
commitment questions.  As this court
explained in Mason v. State, 116 S.W.3d 248 (Tex. App.CHouston [14th Dist.] 2003, no
pet.), A[a] commitment question is one
that >commits a prospective juror to
resolve, or to refrain from resolving, an issue a certain way after learning a
particular fact.=@  Id. at 253 (quoting Standefer, 59 S.W.3d at 179).  To determine if a question is an improper
commitment question, we conduct a two-step inquiry.  First, we determine whether the question is
indeed a commitment question.  Second, we
determine whether the question includes factsCand only those factsCthat lead to a valid challenge
for cause.  Id.  If the answer to the first question is Ayes@ and the answer to the second
question is Ano,@ the question is an improper
commitment question.

In this case, the prosecutor=s statements and questions to
the jury panel do not constitute commitment questions, and thus, the answer to
the first question is Ano,@ obviating the need for us to
conduct further inquiry.  The statements
did not require any venire members to commit to convict or sentence appellant
under a certain set of facts.  Cf. Standefer, 59 S.W.3d at 180 (finding that question that
asked Aif the victim is a nun, could
[the prospective juror] be fair and impartial?@ was not a commitment question,
but question that asked Acould you consider probation in
a case where the victim is a nun?@ was a commitment
question).  Thus, we disagree with
appellant that Standefer suggests the
prosecutor=s voir
dire questions regarding the reasonable-doubt standard in this case were
improper.








Nor does the Court of Criminal Appeals= decision in Garrett
persuade us that our conclusion should be different.  The court in Garrett held that veniremen are not challengeable for cause merely for
setting their threshold for reasonable doubt higher than the minimum required
by law to sustain a jury verdict.  851 S.W.2d at 860.  A
prospective juror who indicates he would require more evidence than the legal
minimum to answer a special issue affirmatively is not subject to challenge for
cause on the grounds he has a bias or prejudice against the law upon which the
State was entitled to rely.  Id.; see
also Howard v. State, 941 S.W.2d 102, 127B29 (Tex. Crim.
App. 1996) (op. on reh=g) (holding that venireman who stated he could not answer future
dangerousness issue in the affirmative without evidence the accused had committed
a prior murder was not subject to challenge for cause unless the State could
show that the venireman=s insistence on evidence of
prior murder would prevent him from honestly answering the special issue,
regardless of whether he was otherwise convinced beyond a reasonable doubt of
future dangerousness).  Contrary to
appellant=s contention, Garrett
does not suggest the prosecution cannot voir dire venirepersons about their understanding of the meaning of
reasonable doubt and ask whether they understand it does not mean proof beyond
all doubt.  As we have already noted, it
is well recognized that such questioning is permissible.  Accordingly, we reject appellant=s argument that the prosecutor=s voir
dire statements and questions were in conflict with Garrett.

For the foregoing reasons, we overrule appellant=s sole issue.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

Judgment
rendered and Memorandum Opinion filed January 13, 2004.

Panel
consists of Justices Yates, Hudson, and Fowler.

Do Not
Publish C Tex. R. App. P.
47.2(b).